Battle, J.
 

 Many objections were made on the trial, to plaintiff’s recovery, which it is unnecessary for us to consider, because there is one, apparent on the record, which is manifestly fatal to the action. The summary proceeding, in this case, was instituted upon the authority supposed to be conferred upon the plaintiff, as county trustee, by the 5th section of the 29th chapter of the Bevised Code. That section enacts that, “ The county trustee shall annually call on the sheriff, clerk and master, and clerks of the courts in his county, and all other persons bound to account with him, for payment of all monies which may be in their hands, and if any of said officers shall fail to account for, and pay the same, the trustee, at the first court held for his county, after the first day of January in every year, shall move for judgment against such delinquent officer and his sureties, ten days notice having previously been given to them,” &c. The monies which the county trustee was authorised to demand, and which the sheriff, or other officer was bound to pay to him, is specified in the section preceding, to wit, the 4th of the same chapter, which is as follows : “ The county trustee shall demand, sue for and receive from the sheriff of the county, and from all other persons, all money which may be in their hands,, due, and paya
 
 *33
 
 ble (o, and for tlie use of the county, and shall apply them as the county court may direct.” The authority hereby conferred is certainly very extensive, embracing, as it does, “ all money” which may be in the hands of the sheriff, or any other person, “ due and payable to, and for the use of the county,” but it cannot, upon any fair construction, be made to include monies which the Legislature may have directed to be paid to another officer. By turning to the 30th chapter of the Revised Code, we shall find in the 1st section, a provision, making it the duty of the county court to lay and collect taxes annually, when necessary, “ for the purpose of building, repairing and furnishing their several court-houses, jails, pillories and stocks,” &c. The 4th section provides for the appointment of a treasurer of public buildings and prescribes his duties, among which is one that he “ shall apply for, and obtain from the clerk all papers and documents, properly attested, which may be necessary for the collection of the taxes laid by the court — shall see that the same be collected, accounted for, and applied according to the intent of this chapter.” By virtue of this clause, it is too clear to admit of a doubt, that the treasurer of public buildings, and not the county trustee, is the proper officer, to receive from the sheriff the monies which he may have collected of the taxes laid by the county court, for the purposes indicated in the first section. He does not appear, from any part of the act, to be invested with power to proceed against a delinquent sheriff in a summary maimer, by motion, as provided for a county trustee, in the 5th section of the 29th chapter, to which we have referred. If, then, it become necessary for the treasurer of public buildings, to proceed against a defaulting officer, he must do so by an action at law in the regular manner. See
 
 Cameron
 
 v.
 
 Campbell,
 
 3 Hawks’ Rep. 285. It follows, as a necessary consequence, that this summary proceeding could not have been sustained in the name of the treasurer of public buildings, and
 
 a
 
 fortiori, it cannot he maintained in that of the county trustee for money which the law does not authorise him to col
 
 *34
 
 lect at all. The judgment must be reversed, and judgment that the plaintiff take nothing by his motion.
 

 PeR Curiam, Judgment reversed.